ADAMS ESQ, A Professional Corporation
Jean Murrell Adams, Esq. (State Bar No. 138458)
Jamie M. Yust, Esq. (State Bar No. 214925)
1300 Clay Street, Suite 600
Oakland, CA 94612
510-832-6000
916-316-4273 (Direct)
510-832-3099 (fax)
jyust@adamsesq.com

Attorneys for Petitioner

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CHERYL JORDAN,

           Plaintiff,

vs.

ANTIOCH UNIFIED SCHOOL DISTRICT,

          Defendant.

Case No.

**COMPLAINT/APPLICATION FOR STATUTORY ATTORNEYS' FEES**

**[20 U.S.C. §1415]**

## I.    INTRODUCTION

1.    Plaintiff Cheryl Jordan is an individual and the parent of C.J. ("C.J." or "Student") who is a minor student eligible for special education under the Individuals with Disabilities Education Act, 20 U.S.C. §1400 *et seq.* ("IDEA").

2.    On March 20, 2019, Plaintiff, through counsel, filed a request for due process hearing against Defendant ANTIOCH UNIFIED SCHOOL DISTRICT ("Defendant", "Antioch", or "District") on behalf of C.J. with the Office of Administrative Hearings ("OAH"). OAH captioned the case Parent on behalf of Student v. Antioch Unified School District, OAH Case No. 2019030818 ("Due Process Complaint"). Plaintiff never received a response to the Due Process Complaint.

3.     At the time of the hearing, C.J. was an 11 year-old fifth grader residing within the boundaries of Antioch.  C.J. became eligible for special education in September 2013 under the category of Emotional Disturbance.

4.     The matter was heard before Administrative Law Judge Penelope Pahl on May 21, 22, 23, 28, 29, and 30, 2019.  Since Plaintiff never received District's response to the Due Process Complaint, Plaintiff did not have notice of the issues in dispute nor was District bound by any position, thus requiring additional preparation by Plaintiff.

5.     Prior to the hearing, ALJ Pahl restated and reorganized the issues presented by Plaintiff in his Due Process Complaint.  The issues presented at hearing were:

1.  Did Antioch deny Student a free appropriate public education, also known as FAPE, from March 20, 2017 to March 20, 2019, by:
    a)  failing to assess him in all areas of suspected disability, namely:
        1)  hearing and vision;
        2)  psychoeducational status;
        3)  neuropsychological status;
        4)  speech and language;
        5)  intellectual functioning;
        6)  cognitive processing (including visual processing, visual motor integration, auditory processing and working memory);
        7)  academic achievement;
        8)  functional behavior;
        9)  social-emotional status;
        10) mental health;
        11) occupational therapy; and
        12) health;
    b)  failing to provide Parent prior written notice of the reasons why the assessments were not conducted; and
    c)  failing to respond to Parent's request for an independent educational assessment?
2.  Did Antioch deny Student a FAPE from March 20, 2017 to March 20, 2019, by failing adequately to address Student's:
    a)  dyslexia, and his need for a goal concerning dyslexia;

2
COMPLAINT

b) behavioral needs;

c) social-emotional functioning, social skills and pragmatic language; and

d) inability to achieve annual goals and need for revised goals in light of his academic failures?

3. Did Antioch deny Student a FAPE from March 20, 2017 to March 20, 2019, by

a) providing an individualized education program, or IEP, amendment from the August 25, 2017 IEP team meeting that could not be read or understood;

b) failing to have required personnel at the August 25, 2017 IEP team meeting; and

c) failing until November 13, 2018 to classify Student as having a secondary disability of specific learning disability; and

4. Did Antioch deny Student a FAPE from March 20, 2017 to the filing of the complaint by failing to provide Parent material information required by the IDEA to be provided and necessary to her informed consent to IEPs; namely, sufficient information from appropriate assessments to allow her to participate meaningfully in the IEP process.

6.      ALJ Pahl issued an 87-page decision on July 22, 2019 (the "Decision"). Pursuant to Cal. Ed. Code § 56507(d) ALJ Pahl made a determination that Plaintiff prevailed as to Issues 1(a)(4), 1(a)(8) and 1(a)(10) and on issue 2(b). The Decision went on to award extensive remedies including independent assessments in the areas of speech and language, behavior and mental health (including attendance of the assessors at Student's IEP meetings). Student was also awarded 120 hours of compensatory education as an equitable remedy for failing to address Student's behavior needs. As the prevailing party, Plaintiff is entitled to reimbursement of attorneys' fees and costs.

## II.      JURISDICTION AND VENUE

7.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1331 in that it arises under the IDEA, as amended, 20 U.S.C. §1400 *et seq*. Jurisdiction is expressly vested in this Court pursuant to 20 U.S.C. §§1415(i)(3)(A) and (B), and 28 U.S.C. §1331, insofar as this is an action to recover statutory attorneys' fees.

8.      Venue is proper under 28 U.S.C. §1391(b) because all parties are located within the County of Contra Costa, which is within the jurisdiction of this judicial district and all of the events that are the subject of this complaint took place within the jurisdiction of this judicial district.

### III.     PARTIES

9.      Plaintiff resides in the County of Contra Costa and the Northern District of this Court.  Plaintiff is the mother of C.J., a minor who at all times relevant to this proceeding was eligible for special education services.

10.     Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto, Defendant is a public entity organized and existing under the laws of the State of California, with the capacity to be sued.  Plaintiff is further informed and believes, and upon said information and belief asserts that the District receives federal funds from the United States Department of Education and California Department of Education pursuant to the IDEA, and is required to provide FAPE to all disabled children whose parents reside within its educational boundaries.

### IV.     STATUTORY SCHEME UNDER THE IDEA

11.     The IDEA (formerly known as the Education For All Handicapped Children Act, P.L. 94-142) was adopted in 1975 to ensure that all children with qualifying disabilities receive a public school education.  Congress adopted the IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. §1400(d).

12.     Pursuant to 20 U.S.C. §1415(b)(6), whenever a parent disagrees with a proposed IEP, the parent may file a complaint with respect to the identification, evaluation, or educational placement of the child, or the provision of a FAPE to the child.  Pursuant to 20 U.S.C. §1415(f)(1), whenever such a complaint has been received, the parent shall have an opportunity for an impartial due process hearing ("Due Process") which shall be conducted by the state educational agency.

13.     The IDEA further provides that attorneys' fees may be awarded by a Court to a prevailing party who is the parent of child with a disability.  20 U.S.C. §1415(i)(3)(B). California has enacted parallel provisions under state law to enforce the educational rights established under Federal law.  See, California Education Code §56000, *et seq.* C.J. is equally protected from discrimination in his education under California law, and as the prevailing party below, is allowed payment of his fees.  Cal. Ed. Code §56507.

## V.     FIRST CAUSE OF ACTION

### (For Attorneys' Fees and Costs)

14.     Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as though fully set forth herein.

15.     C.J., through his Parent retained counsel, incurred attorneys' fees and costs with regard to their claims against Defendant, which representation included but is not limited to the six-day due process hearing.  Since Plaintiff never received a response to the Due Process Complaint, Plaintiff was not afforded an opportunity to narrow the issues.  Further, prior to the hearing ALJ Pahl restated and reorganized the issues presented by the parties, resulting in further preparation required by Plaintiff prior to, and during, the hearing.

16.     20 U.S.C. §1415(i)(3)(B), 28 U.S.C. §1920 and F.R.C.P. 54(d) provide for the award of attorneys' fees and costs to a parent of a student who is the prevailing party in a due process hearing brought pursuant to the IDEA, 20 U.S.C. § 1400, *et seq.*  Because Plaintiff prevailed in part with respect to the claims asserted as part of the Decision, Plaintiff should be awarded reasonable attorneys' fees and costs incurred in connection with that proceeding and in the collection of these fees after reasonable efforts were undertaken to obtain payment from Defendant.  Moreover, Plaintiff prevailed on the majority of the issues identified in the Due Process Complaint.

17.     Plaintiff was required to retain ADAMS ESQ., noted advocates of the rights of students under the IDEA and state law, to represent C.J.'s interests below before the OAH. Plaintiff has incurred over $95,000 in fees and costs in prevailing below before the OAH, enforcing the Decision and bringing this fee complaint. On September 11, 2019, Plaintiff sent a

demand letter to Defendant requesting payment of fees and costs incurred below.  Defendant refuses to pay reasonable attorneys' fees and costs, thus requiring Plaintiff to file this Complaint.

18.     Attorneys' fees and costs are and will continue to be incurred by Plaintiff in pursuing these claims against Defendant.  Plaintiff is therefore entitled to recover said fees and costs of collection.  In addition, although Plaintiff was not successful in the entirety of issues, fees and costs incurred in connection with the unsuccessful issues were necessitated for those in which they prevailed. Moreover, Plaintiff unnecessarily prolonged the underlying due process hearing by failing to engage in any settlement discussions in the underlying matter.  The remedies awarded by ALJ Pahl were similar to, if not greater, than Plaintiff's requested demand upon which District failed to respond.  Therefore, Plaintiff is entitled to an award of reasonable attorneys' fees and costs in their entirety.

## VI.   PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. For an award of attorneys' fees and costs as prevailing party under the Decision pursuant to 20 U.S.C. §1415(i)(3)(B) and Cal. Ed. Code §56507 in the sum of $92,974.42 plus interest thereon at the prevailing interest rate;

2. For an award of attorneys' fees and costs incurred in connection with this proceeding in an amount to be determined at the time of hearing; and

3. For such other and further relief as the Court deems proper.

Dated: October 25, 2019                    Respectfully submitted,
                                           /s/ Jamie M. Yust
                                            Jamie M. Yust
                                            For ADAMS ESQ., Attorney for Petitioner